IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOLITA DUGLAS,<br>    *Plaintiff* | :<br>:<br>: | CIVIL ACTION |
| v. | :<br>: | |
| DOCTOR MILAGROS SOTO-PILLOT,<br>    *Defendant* | :<br>: | No. 24-0130 |

## MEMORANDUM

PRATTER, J.                                                                                                                             JANUARY 16, 2024

Lolita Duglas has filed a *pro se* Complaint asserting civil rights violations against Doctor Milagros Soto-Pillot. Ms. Duglas also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court grants Ms. Duglas *in forma pauperis* status and dismiss the Complaint.

### FACTUAL ALLEGATIONS[1]

Ms. Duglas's Complaint is brief. She asserts that she sought treatment on December 12, 2023 from Dr. Soto-Pillot at the Mercy Life Day Center Clinic on South Broad Street in Philadelphia. She claims that she wanted Dr. Soto-Pillot to give her penicillin, but the defendant would not give Ms. Duglas an answer whether or not she could get the penicillin. Ms. Duglas asks the Court to help her get penicillin but says she wants no money damages.

### LEGAL STANDARD

The Court grants Ms. Duglas leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[1] The factual allegations set forth in this Memorandum are taken from Duglas's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Ms. Duglas is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## DISCUSSION

Ms. Duglas checked the box on the form she used to file her Complaint indicating that she seeks to invoke the Court's federal question jurisdiction, and she states that she seeks to assert civil rights claims against Dr. Soto-Pillot. The vehicle by which constitutional claims may be pursued in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Nothing in Ms. Duglas's Complaint indicates that Dr. Soto-Pillot was acting under color of state law when she allegedly denied Ms. Duglas's request for penicillin. Accordingly, the claim against Dr. Soto-Pillot is not plausible and must be dismissed.

However, the Court will permit Ms. Duglas an opportunity to file an amended complaint if she can allege additional facts to show that Dr. Soto-Pillot is a state actor who may be liable for a constitutional violation under § 1983 and to provide the Court more information about how her constitutional rights were allegedly violated. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE