IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOLITA DUGLAS, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DOCTOR MILAGROS SOTO-PILLOT, | : | |
| *Defendant* | : | No. 24-0130 |

## MEMORANDUM

PRATTER, J.                                                                 JANUARY 30, 2024

In a prior Memorandum and Order, the Court dismissed the complaint filed by Lolita Duglas asserting civil rights violations pursuant to 42 U.S.C. § 1983 against Doctor Milagros Soto-Pillot. *See Duglas v. Soto-Pillot*, No. 24-130, 2024 WL 169655 (E.D. Pa. Jan. 16, 2024). The complaint was dismissed because nothing in Ms. Duglas's complaint indicated that Dr. Soto-Pillot was acting under color of state law when she allegedly denied Ms. Duglas's request for medical services. Ms. Duglas was granted leave to file an amended complaint if she could cure the defects the Court identified in the complaint. Ms. Duglas has now returned with an amended complaint again asserting civil rights violations. For the following reasons, the Court will dismiss the Amended Complaint with prejudice.

## BACKGROUND[1]

Like the original complaint, Ms. Duglas's allegations in her amended complaint are brief. She again asserts that she sought treatment on December 12, 2023 from Dr. Soto-Pillot at the

---

[1] The factual allegations set forth in this Memorandum are taken from Ms. Duglas's amended complaint (ECF No. 6). The Court adopts the sequential pagination assigned to the amended complaint by the CM/ECF docketing system.

Mercy Life Day Center Clinic on South Broad Street in Philadelphia. She claims that she wanted Dr. Soto-Pillot to give her penicillin, but the Defendant would not do so and would not discuss wellness. Ms. Duglas asks the Court to help her get penicillin but says she wants no money damages.

## LEGAL STANDARD

Because the Court has granted Ms. Duglas leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the amended complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se* amended] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that amended] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Ms. Duglas is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## Discussion

As the Court previously explained to Ms. Duglas, to state a plausible claim under § 1983 for civil rights violations, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court dismissed the complaint because Ms. Duglas failed to allege that Dr. Soto-Pillot was acting under color of state law when she allegedly denied the request for penicillin. *Ms. Duglas*, 2024 WL 169655, at *2. Ms. Duglas was permitted an opportunity to file an amended complaint if she could allege additional facts to show that Dr. Soto-Pillot is a state actor who may be liable for a constitutional violation under § 1983 and to provide the Court more information about how her constitutional rights were allegedly violated. Because she has again failed to allege that Dr. Soto-Pillot is a state actor, her § 1983 claim is not plausible.

## Conclusion

Having afforded Ms. Duglas the opportunity to cure the defect that the Court identified, an appropriate Order will be entered dismissing this case with prejudice. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (further amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").

BY THE COURT:

GENE E.K. PRATTER
United States District Judge